UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODNEY MARQUES FORD,

        Petitioner,

                                                      Case Number: 22-10143

v.                                                Honorable Linda V. Parker

CHANDLER CHEEKS,

       Respondent.
_____/

## OPINION AND ORDER GRANTING PETITIONER'S MOTION TO STAY PROCEEDINGS AND ADMINISTRATIVELY CLOSING CASE

Petitioner Rodney Marques Ford has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his Michigan state-court conviction for involuntary manslaughter, carrying a concealed weapon, and felony firearm. Petitioner also filed a motion to stay this proceeding because the petition raises claims not fully exhausted in state court. The Court is granting the motion, holding the petition in abeyance, and staying the proceedings under the conditions set forth in this decision to allow Petitioner to exhaust his claims.

**I.**     **Background**

Petitioner was convicted by a jury in Wayne County Circuit Court. His convictions were affirmed on direct review. *See People v. Ford*, No. 339084,

2018 WL 4099717, at *1 (Mich. Ct. App. Aug. 28, 2018), *lv. den.* 503 Mich. 1002 (Mich. April 2, 2019).

On June 8, 2020, Petitioner filed a motion for relief from judgment in the trial court (ECF No. 2, Pg ID 163), which the trial court denied, *see* Op. & Order, *People v. Ford*, No. 16-004389-01-FC (Wayne County Cir. Ct. March 8, 2021) (ECF No. 1, PageID.97-114).  On September 2, 2021, the Michigan Court of Appeals denied Petitioner leave to appeal.  *People v. Ford*, No. 357562 (Mich. Ct. App. Sept. 2, 2021) (ECF No. 1, PageID.115).  Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which remains pending.  (*See* ECF No. 2.)

On January 14, 2022, Petitioner filed the instant habeas corpus petition and motion to stay.  The petition asserts four claims for relief: (i) the prosecutor's misconduct denied Petitioner a fair trial; (ii) trial counsel committed multiple errors which amounted to ineffective assistance; (iii) the cumulative effect of numerous errors denied Petitioner his right to a fair trial; and (iv) appellate counsel was ineffective.

## II.   Discussion

A state prisoner seeking federal habeas relief must first exhaust available state court remedies before raising a claim in federal court.  *See* 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners

must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). To exhaust state court remedies, a claim must be fairly presented "to every level of the state courts in one full round." *Ambrose v. Romanowski*, 621 F. App'x 808, 814 (6th Cir. 2015).

Petitioner seeks a stay because the claims raised in his petition are unexhausted. A prisoner who has not yet exhausted state court remedies but is concerned that AEDPA's statute of limitations will expire during the pendency of state-court collateral review proceedings may file a "'protective' petition in federal court and ask[] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber*, 544 U.S. 269 (2005)). A stay may be granted provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 278.

Petitioner is correct to be concerned about the statute of limitations under 28 U.S.C. § 2244(d)(1). The Michigan Supreme Court denied his application for leave to appeal on April 2, 2019. Petitioner's convictions became final on July 2, 2019, when the time for filing a petition for a writ of certiorari with the United States Supreme Court expired. *See Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012) (holding that where petitioner does not seek certiorari review, judgment becomes

3

final at "expiration of the time for seeking such review"). The one-year limitations period commenced the following day, July 3, 2019. *See Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000) (holding that the last day on which a petitioner can file a petition for writ of certiorari is not counted toward the one-year limitations period applicable to habeas corpus petitions). The limitations period continued to run until June 8, 2020, when Petitioner filed a motion for relief from judgment in the trial court. The filing of that motion tolled the limitations period with less than one month remaining. *See* 28 U.S.C. 2244(d)(2). The Court finds that outright dismissal of the petition would jeopardize the timeliness of any future habeas petition.[1]

Petitioner's claims do not appear to be "plainly meritless" and his claim that his appellate attorney was ineffective for failing to raise the unexhausted claims on direct appeal may constitute good cause for failing to previously exhaust the claims. *See Wagner v. Smith*, 581 F.3d 410, 419 n.4, 5 (6th Cir. 2009). Therefore, the Court is granting the motion and staying these proceedings pending completion of state court proceedings. The stay is conditioned on the requirements outlined

---

[1] The Court notes that the tolling provisions found in § 2244(d)(2) for post-conviction collateral proceedings are more restrictive than on direct review. On state-court collateral review, the limitations period is not tolled for the 90-days a petitioner has to file a petition for a writ of certiorari in the United States Supreme Court. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007).

below. *Rhines*, 544 U.S. at 278 (explaining that when a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back.").

Accordingly,

**IT IS ORDERED** that Petitioner's motion to stay (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the stay is conditioned on Petitioner returning to this Court, by filing a motion to reopen and an amended petition, **using the same caption and case number** included at the top of this Order, **within ninety (90) days** of fully exhausting his state court remedies. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002) (discussing procedure for staying habeas proceeding pending exhaustion of state court remedies). Should Petitioner fail to comply with any of these conditions, the petition may be dismissed. *See Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014) (holding that dismissal of a habeas petition is appropriate where a petitioner has failed to comply with the terms of a stay).

**IT IS FURTHER ORDERED** that to avoid administrative difficulties, the Clerk of the Court shall **CLOSE** this case for statistical purposes only. Nothing in

this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

**IT IS SO ORDERED.**

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: February 15, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 15, 2022, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan<br>
Case Manager